UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MARTINO O'BRYANT, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:26-cv-0033-MTS |
| BRUCE HILTON, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

*Pro se* Plaintiff Martino O'Bryant filed this action against the Honorable Bruce F. Hilton, Circuit Judge of the St. Louis County Circuit Court, seeking damages and prospective relief related to the denial of O'Bryant's motion to proceed *in forma pauperis* on appeal in a case he filed in state court. *See O'Bryant v. Tennis Warehouse*, 25SL-CC01729 (Mo. 21st Cir. Ct.). Plaintiff has moved to proceed *in forma pauperis* in this case. Doc. [2]; *see also* 28 U.S.C. § 1915(a)(1). Upon review, the Court will grant Plaintiff's Motion and allow him to proceed *in forma pauperis* here, that is, to proceed in this Court without prepaying the filing fee. Upon subsequent review of Plaintiff's Complaint, *see* 28 U.S.C. § 1915(e)(2), the Court will dismiss this action because it is frivolous. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (explaining that a complaint "is frivolous where it lacks an arguable basis either in law or in fact").

Any of Plaintiff's claims against Defendant for damages necessarily fail. *See Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability."). As to Plaintiff's claims for prospective relief, they have no basis in law. "As the Supreme Court has ruled, where a fundamental

right is not implicated, there is no constitutional right to proceed *in forma pauperis*." *Carolina v. Rubino*, 644 F. App'x 68, 71 (2d Cir. 2016) (citing *United States v. Kras*, 409 U.S. 434, 450 (1973)).

If that were not enough, there is a "strong policy against federal intervention in state judicial processes in the absence of great and immediate irreparable injury to the federal plaintiff." *Ogala Sioux Tribe v. Fleming*, 904 F.3d 603, 610 (8th Cir. 2023). Thus, based on the facts he has pleaded, the Court would not intervene in Plaintiff's underlying state court matter at issue. What is more, Plaintiff has not established standing to seek injunctive relief because he has not "show[n] a likelihood of a future injury," *see Meuir v. Greene Cnty. Jail Emps.*, 487 F.3d 1115, 1119 (8th Cir. 2007), and the Court has no authority to issue the type of universal injunction that Plaintiff seeks, *compare Trump v. CASA, Inc.*, 606 U.S. 831, 856 (2025), *with* Doc. [1-1] at 4.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Doc. [2], is **GRANTED**. Upon review of the Complaint, *see* 28 U.S.C. § 1915(e)(2), the Court will enter an Order of Dismissal dismissing this action.[*]

Dated this 13th day of January 2026.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[*] For the same reasons explained herein, the Court will certify that an appeal of this dismissal would not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A); *see also Higgins v. Steele*, 195 F.2d 366, 369 (8th Cir. 1952) ("Although no district judge likes to pass upon the correctness of his own decisions, it is his duty, if he is thoroughly convinced that there is no substantial question for review and that an appeal will be futile, to certify that the appeal sought to be taken in forma pauperis is not taken in good faith.").